IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ASCEND GEO, LLC,              §
        Plaintiff,        §
                    §
v.                       §        CIVIL ACTION NO. H-09-2886
                    §
OYO GEOSPACE CORPORATION, §
        Defendant.    §

## MEMORANDUM AND ORDER

This patent case is before the Court on the Motion for Preliminary Injunction ("Motion") [Doc. # 3] filed by Plaintiff Ascend Geo, LLC ("Ascend").  Defendant OYO Geospace Corporation ("OYO") filed a Response [Doc. # 11], and Ascend filed a Reply [Doc. # 17].  The Court conducted an evidentiary hearing on the Motion on October 29, 2009.  The Court heard and observed the witnesses who testified at the hearing, considered the exhibits introduced by the parties, has reviewed all matters of record in this case, and has applied governing legal authorities.  For the reasons explained herein, the Court **denies** the Motion for Preliminary Injunction.

## I.     BACKGROUND

Ascend is the current owner of United States Patent number 6,934,219 ("the '219 Patent").  The Patent describes a method and system for acquiring seismic data from wireless, autonomous seismic recording devices.  The device covered by the

'219 Patent collects seismic data from distinct geographic locations and then correlates "a known time dependence of the ambient signal with a time dependence of the collected acoustic-signal data" and synchronizes the collected data from the time-correlated acoustic signal data.

OYO manufactures and markets the Geospace Seismic Recorder and the GeoRes-XTZ GSR Data Management System (collectively referred to as the "GSR System").  Ascend alleges that OYO's GSR System infringes the '219 Patent.

Ascend filed a Motion for Preliminary Injunction [Doc. # 3], which is ripe for decision.

## II.    ANALYSIS OF PRELIMINARY INJUNCTION REQUIREMENTS

Where, as here, a patent holder seeks a preliminary injunction pursuant to 35 U.S.C. § 283, the decision whether to grant the injunction is a matter within the discretion of the trial court.  *See Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375 (Fed. Cir. 2009) (citing *Genentech, Inc. v. Novo Nordisk, A/S,* 108 F.3d 1361, 1364 (Fed. Cir. 1997)).  To obtain a preliminary injunction, the movant seeking the injunction must establish four factors:  "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in

the public interest." *Id.* at 1375-76 (quoting *Winter v. Natural Res. Def. Council, Inc.,* ___ U.S. ___, 129 S. Ct. 365, 374 (2008)).

### A.     Likelihood of Success on the Merits

The first factor, establishing that the movant is likely to succeed on the merits, requires the patent holder to show both that it is likely to prove infringement and that it is likely to withstand any challenges to the validity of the patent.  *Id.* at 1376.  The likelihood of success factor is evaluated using the same burdens and presumptions that apply at trial.  *Id.* (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006)).

An issued patent enjoys a presumption of validity.  *Id.* (citing *Technology Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008)).  When the challenger to the patent's validity presents evidence of invalidity at the preliminary injunction stage, the movant "must persuade the court that, despite the challenge presented to validity, the patentee nevertheless is likely to succeed at trial on the validity issue." *Id.* at 1377.  The Court must consider the evidence presented by both parties and determine whether there is a "substantial question" regarding the validity of the patent.  *Id.* at 1379.

OYO has presented examples of prior art that raise a substantial question regarding the validity of Ascend's patent.  United States Patents No. 5,978,313,

No. 6,188,962, No. 5,724,241, and No. 6.002,339[1] constitute prior art and are relevant to the issues of anticipation[2] and/or obviousness.[3]   OYO has presented credible evidence that raises a substantial question and, as a result, Ascend has failed to establish a likelihood that it can succeed on the validity issue.

The patent holder must also show that it is likely to succeed on the issue of infringement.  "A determination of patent infringement requires a two-step analysis: first, the meaning of the claim language is construed, then the facts are applied to

---

[1]   United States Patent No. 5,978,313 relates to a system and method for synchronizing the collection of seismic data used for seismic surveys.  United States Patent No. 6,188,962 also relates to a system for acquiring seismic data.  United States Patent No. 5,724,241 relates to a seismic data acquisition system that uses multiple sensors that are interconnected and that uses a GPS satellite receiver to maintain the accuracy of the system clock.  United States Patent No. 6,002,339 relates to a system for synchronizing seismic event data.  United States Patents No. 5,978,313 and No. 6,002,339 were disclosed to the United States Patent Office in the application for the '219 Patent.

[2]   A patent claim can be found to be invalid by reason of anticipation if "the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent."  35 U.S.C. § 102(a).  Anticipation "generally requires the presence in the prior art of each and every limitation of the claimed invention."  *Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009).

[3]   Obviousness relates to whether the claimed invention would have been obvious at the time it was invented to a person of ordinary skill in the relevant art.  *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1310 (Fed. Cir. 2009) (citing 35 U.S.C. § 103(a); *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415-16 (2007)).  Relevant issues for the obviousness analysis include the scope and content of the prior art, the differences between the prior art and the patented invention, and the level of ordinary skill in the art.  *Id.*

determine if the accused device falls within the scope of the claims as interpreted." *MBO Lab., Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1329 (Fed. Cir. 2007). The second step, "comparison of the claims to the accused device, . . . requires a determination that every claim limitation or its equivalent be found in the accused device." *Planet Bingo, LLC v. GameTech Int'l, Inc.*, 472 F.3d 1338, 1343 (Fed. Cir. 2006). As was true on the issue of patent validity, a preliminary injunction should not be issued if there is a "substantial question" of infringement. *See Altana Pharma AG v. Teva Pharms. USA, Inc.*, 566 F.3d 999, 1006 (Fed. Cir. 2009) (citations omitted).

The '219 Patent requires "collecting data," "correlating a known time dependence of the ambient signal with a time dependence of the collected acoustic-signal data to define time-correlated acoustic signal data," and "synchronizing the collected acoustic-signal data for the plurality of distinct geographical locations from the time-correlated acoustic-signal data." There are substantial questions regarding whether the claim terms "collecting data," "correlating" and "synchronizing" should be construed in the manner suggested by Ascend. For example, Ascend argues that the receipt every second of a GPS signal to calibrate the clock in a seismic recorder constitutes "collecting data." The common meaning of the term "collect," however, implies conduct that is more affirmative and intentional than passively receiving data that is not retained for future use. There is also a substantial question regarding

whether the claim should be construed to require that collecting data, correlating, and synchronizing be separate actions or whether they can occur simultaneously.  At this early stage of the proceeding, the Court cannot decide these questions, but finds that their existence is significant.  Ascend has failed to establish at this point that it is likely to succeed on the claim construction in a way that will lead to success on the infringement issue.

Ascend has also failed to show that it is likely to succeed on the infringement issue because there are substantial questions regarding whether the OYO device contains each element of the '219 Patent's claims.  The '219 Patent describes a method for acquiring seismic data by collecting data from seismic devices, correlating the times registered for the collected data with a known time, and synchronizing the data so that data collected from distinct geographic locations is time consistent.  The OYO device, on the other hand, collects seismic data in a manner that is already time consistent among the various geographic locations and, therefore, does not need to be synchronized separately.  Whether the OYO device infringes the Ascend patent is an issue on which there are substantial questions and significant disagreement.

Ascend has failed to establish that it is likely to succeed on the merits of the invalidity issue or the infringement issue.

B.    **Irreparable Injury**

The Federal Circuit in *Titan Tire* recently reiterated that a plaintiff seeking a preliminary injunction in a patent case must show irreparable harm.  *See Titan Tire*, 566 F.3d at 1375.  In the permanent injunction context, the Supreme Court has held that there is no presumption of irreparable injury requiring the issuance of an injunction once infringement and validity are established.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393-94 (2006).  Although it is unlikely that the Supreme Court or the Federal Circuit would impose a more stringent burden of establishing irreparable injury on a patent holder who has prevailed on the validity and infringement issues than on one who has not prevailed, neither court has decided definitively whether the Supreme Court's decision in *eBay* applies to motions for preliminary injunction.  Before the *eBay* decision, however, the presumption of irreparable harm did not arise unless and until the patent holder made "a strong showing of likelihood of success on the merits . . .."  *See, e.g., Abbott Labs. v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1347 (Fed. Cir. 2006) (citing *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994)).  Either because the presumption of irreparable harm has been eliminated by the *eBay* decision or because Ascend has not shown a likelihood of success on the merits, there is no presumption of irreparable harm in this case.

Ascend has failed to establish that it will suffer irreparable harm if the injunction is not issued. Ascend has made only one sale of its system to an unrelated entity. In addition to OYO, there are two significant competitors who are at least as likely as Ascend to obtain any business that OYO is prevented from obtaining if this Court issued the preliminary injunction Ascend requests. Plaintiff's assertion that it will suffer lost sales if the injunction does not issue is speculative. In any event, should Plaintiff ultimately prevail on the invalidity and infringement issues and prove that it lost sales as a result, OYO is financially capable of paying any damages assessed against it. Any potential harm, other than speculative assertions of lost business, is not irreparable.

### C.   **Balance of Hardships and Public Interest**

A patent holder cannot obtain a preliminary injunction without establishing both a likelihood of success on the merits and irreparable harm if the injunction does not issue. *See Altana Pharma*, 566 F.3d at 1005 (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001)). The Court finds, nonetheless, that Ascend has failed to establish that the balance of hardships or the public interest factors weigh in favor of the requested injunction.

OYO's product is well-established in the marketplace, while Ascend has made only one sale to an unrelated entity. As discussed in connection with the irreparable

harm factor, there are other competitors in the relevant market who, it appears from the evidence, are at least as likely as Ascend to receive any sales that OYO would be precluded from making if the injunction were to issue.  The result of an injunction would be a substantial hardship to OYO without a corresponding, non-speculative benefit to Ascend.

The public interest also favors denying an injunction in this case.  Where the patent holder fails to show a likelihood of success on the merits and irreparable injury, an injunction is not in the public interest.  *See Abbott Labs*, 452 F.3d at 1348. Consequently, the Court finds that Ascend has failed to establish the balance of hardships and public interest factors in connection with its request for a preliminary injunction.

## III.   CONCLUSION AND ORDER

Ascend has failed to show that it is likely to succeed on the merits of its patent infringement claim, that it is likely to suffer irreparable harm if the preliminary injunction is not issued, that the balance of equities favors the injunction, or that the injunction is in the public interest.  Accordingly, it is hereby

ORDERED that the Motion for Preliminary Injunction [Doc. # 3] is DENIED.

SIGNED at Houston, Texas, this 4th day of November, 2009.

Nancy F. Atlas
United States District Judge