# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ASCEND GEO, LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-09-2886 |
| | § | |
| OYO GEOSPACE CORPORATION,<br>    Defendant. | §<br>§<br>§ | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the Request for Attorney Fees ("Motion for Fees") [Doc. # 60] filed by Defendant OYO Geospace Corporation ("OYO"), to which Plaintiff Ascend Geo, LLC ("Ascend"), filed a Brief in Opposition [Doc. # 67], and OYO filed a Reply [Doc. # 68]. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion for Fees.

## I.    BACKGROUND

Ascend was the owner of United States Patent number 6,934,219 ("the '219 Patent"). The Patent described a method and system for acquiring seismic data from wireless, autonomous seismic recording devices. OYO manufactures and markets the Geospace Seismic Recorder and the GeoRes-XTZ GSR Data Management System (collectively referred to as the "GSR System"). Ascend filed this lawsuit, alleging that OYO's GSR System infringed the '219 Patent.

This infringement action was stayed pending a reexamination of the '219 Patent by the Patent and Trademark Office ("PTO"). The PTO determined that all claims in the '219 Patent are invalid based on the existence of invalidating prior art.

OYO seeks to recover its attorneys' fees pursuant to 35 U.S.C. § 285, asserting that the case is "exceptional." OYO's Motion for Fees is fully briefed and is now ripe for decision.

## II.   STANDARD FOR AWARD OF FEES UNDER 35 U.S.C. § 285

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285; *Leviton Mfg. Co., Inc. v. Universal Sec. Instruments, Inc.*, 606 F.3d 1353, 1358 (Fed. Cir. 2010). Exceptional cases usually involve inappropriate conduct related to the matter in litigation, such as willful infringement, inequitable conduct before the Patent and Trademark Office, misconduct during litigation, vexatious or unjustified litigation, etc. *See Serio-US Indus., Inc. v. Plastic Recovery Tech. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). Section 285 is limited to circumstances in which an award of fees "is necessary to prevent a gross injustice." *FieldTurf Int'l, Inc. v. Sprinturf, Inc.*, 433 F.3d 1366, 1373 (Fed. Cir. 2006) (quoting *Forest Labs, Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)). The prevailing party must prove an exceptional case by clear and convincing evidence. *See Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302,

1304 (Fed. Cir. 2009); *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005). The Court's decision regarding whether a case is exceptional for purposes of an award of fees pursuant to § 285 is reviewed for clear error. *Leviton*, 606 F.3d at 1358 (citing *Forest Labs.,* 339 F.3d at 1328).

### III.   ANALYSIS

OYO argues that this case is "exceptional" because the lawsuit was baseless and because Ascend engaged in inequitable conduct before the PTO. The record before the Court, considered cumulatively, does not establish by clear and convincing evidence that this case is exceptional for purposes of an award of fees pursuant to § 285.

#### A.   Argument that Lawsuit was Baseless

OYO has not shown by clear and convincing evidence that the lawsuit was baseless. The evidence before the Court shows that Ascend retained nationally-recognized patent counsel to prosecute the application that resulted in the issuance of the '219 Patent. The evidence also shows that, prior to filing this lawsuit, Ascend consulted with its in-house engineering expert, an outside expert, and reputable patent counsel. All three opined that the '219 Patent was presumptively valid and, more importantly, was valid because there was no invalidating prior art. The outside expert

opined that the OYO system infringed the claims in the '219 Patent, and he raised no questions about the validity of the Patent.

OYO notes that Ascend filed this lawsuit in federal court in Nevada, the location of its counsel. The Nevada court granted a motion to transfer venue, and the case was promptly transferred to this Court. When there are multiple courts with personal jurisdiction over the defendant and where venue is proper, parties sometimes opt to file their lawsuit in the court most convenient and familiar to their attorney. This does not support a finding that the lawsuit was exceptional.

OYO also notes that Ascend filed a baseless request for preliminary injunctive relief and sought unnecessary discovery from OYO. The Court denied the request for a preliminary injunction and stayed this case pending the reexamination proceeding before OYO responded to most of the discovery requests. The Court did not perceive the preliminary injunction or discovery requests as baseless, however. The filing of a request for injunctive relief and service of discovery requests are not alone or in context here, probative evidence that this is an exceptional case. Rather, these procedures are standard in most patent infringement cases.

OYO argues that Ascend's request to dismiss this case after the PTO ruled in the reexamination proceedings establishes that the lawsuit was baseless. Ascend's decision to dismiss this case, rather than prolong it with appeals from the PTO's

ruling, is more an indication of good faith than of knowledge *at the time the lawsuit was filed* that the lawsuit would fail. The filing of the Motion to Dismiss in this case does not support a finding that the lawsuit was baseless. *See Larchmont Eng'g, Inc. v. Toggenburg Ski Ctr., Inc.*, 444 F.2d 490, 491 (2d Cir. 1971) (holding that voluntary dismissal of claims may be good faith decision to minimize litigation expenses and "should not be discouraged by the threat of imposing attorney fees").

### B.   Argument that Ascend Engaged in Misconduct Before the PTO

OYO has similarly failed to show by clear and convincing evidence that this case is exceptional based on alleged inequitable conduct before the PTO. OYO notes that Ascend failed to disclose during the application process before the PTO the prior art that ultimately proved to be invalidating. In situations in which the § 285 claim is based on alleged nondisclosures, as opposed to affirmative misrepresentations, the movant must show by clear and convincing evidence "that the applicant made a deliberate decision to withhold a known material reference." *Optium Corp. v. Emcore Corp.*, 603 F.3d 1313, 1320-21 (Fed. Cir. 2010). Ascend maintains that it conducted a proper investigation and either failed to discover the prior art references or failed to appreciate their relevance. OYO has not presented evidence that Ascend "made a deliberate decision to withhold" known prior art references in connection with its

application for the '219 Patent. As a result, OYO is not entitled to a finding that the case is exceptional based on alleged nondisclosures before the PTO.

OYO appears to argue also that Ascend engaged in misconduct before the PTO during the reexamination proceeding because Ascend took a position before the PTO and failed to advise the PTO that it had taken a different position before this Court. The record shows that Ascend initially made the same arguments before the PTO that it made before this Court but, when the PTO was unpersuaded by those arguments, Ascend presented alternate arguments. Presenting alternative arguments is neither unusual nor improper, particularly where it is clear that an early argument is not persuasive. Ascend's conduct under the circumstances presented is not evidence of misconduct before the PTO that would lead to a finding that this case is exceptional.

### IV. CONCLUSION AND ORDER

OYO has not established by clear and convincing evidence that this is an exceptional case warranting an award of fees pursuant to § 285, either because the lawsuit was baseless or because of alleged inequitable conduct before the PTO. As a result, it is hereby

**ORDERED** that OYO's Motion for Fees [Doc. # 60] is **DENIED**.

SIGNED at Houston, Texas, this 10th day of **March, 2011**.

Nancy F. Atlas
United States District Judge